UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK STEVEN STEINER,

               Petitioner,

v.

BRYAN MORRISON,

               Respondent.

_____/

Case No. 2:20-cv-11364

HONORABLE STEPHEN J. MURPHY, III

**OMNIBUS ORDER**

Petitioner Mark Steven Steiner filed a pro se petition for the writ of habeas corpus under 28 U.S.C. § 2254. ECF 1. The petition raised claims about the identification procedures, jury instructions, and sentencing guidelines used in his trial, and asserted ineffective assistance of counsel. *Id.* at PgID 6, 11, 13, 15, 18, On July 27, 2020 the Court ordered Petitioner to show cause why his petition should not be dismissed as untimely under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). ECF 3, PgID 60. Petitioner timely responded that his petition is entitled to equitable tolling of the one-year limitations period. ECF 4. After review, the Court will vacate the show cause order and dismiss Petitioner's claim without prejudice.

In 2015, a jury convicted Petitioner of armed robbery, first-degree home invasion, and assault with a dangerous weapon. ECF 1, PgID 2. Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, which affirmed his convictions and sentences. *People v. Steiner*, No.

1

330513, 2017 WL 2200611 (Mich. Ct. App. May 18, 2017). He then applied for leave to appeal with the Michigan Supreme Court that was denied on November 29, 2017. *People v. Steiner*, 501 Mich. 928 (2017).

Petitioner later filed a motion for relief from judgment with the state trial court, *see* ECF 1, PgID 3, and was denied on January 17, 2019, *id.* at 4. He then filed a delayed application for leave to appeal with the Michigan Court of Appeals and was denied. *People v. Steiner*, No. 349771 (Mich. Ct. App. Oct. 28, 2019). After, he unsuccessfully applied for leave to appeal with the Michigan Supreme Court. *People v. Steiner*, 941 N.W.2d 631 (Mich. April 29, 2020). About two weeks later, on May 11, 2020, Petitioner filed his federal habeas petition, ECF 1, and dated his proof of service as May 8, 2020. *Id.* at PgID 54.

The AEDPA is codified at 28 U.S.C. § 2241 *et seq.*, and includes a one-year limitations period for habeas petitions brought by prisoners challenging state court judgments, that, absent certain special circumstances, runs from the date that the prisoner's conviction becomes final. *See* 28 U.S.C. § 2244(d). After giving the parties "fair notice and an opportunity to present their positions," a Court may sua sponte dismiss an untimely petition. *See Day v. McDonough*, 547 U.S. 198, 209–10 (2006). A petition filed outside the limitations period must be dismissed. *See Hall v. Warden, Lebanon Corr. Inst.*, 622 F.3d 745, 749, 754 (affirming dismissal of a petition filed five days too late).

I.   <u>Show Cause Order</u>

To begin, the Court will vacate its show cause order because a factual question exists as to whether Petitioner timely petitioned within the AEDPA's one-year limitations period. The AEDPA limitations period started when Petitioner's conviction became final. *See* 28 U.S.C. § 2244(d). His conviction became final around February 27, 2018, which is ninety days after the Michigan Supreme Court denied leave to direct appeal. *See Jimenez v. Quarterman*, 555 U.S. 113, 120 (2009) (explaining that a conviction is final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 333 (2007); S. Ct. R. 13(1). Petitioner therefore needed to petition the Court by February 27, 2019, excluding any time during which a properly filed application for state postconviction or collateral review was pending under 28 U.S.C. § 2244(d)(2).

But Petitioner claimed that he moved for relief from judgment with a state trial court on April 17, 2019. ECF 1, PgID 3. To that end, the one-year limitations period would have expired before he sought his postconviction review in state court. And any postconviction motion that is filed after the expiration of the one-year limitations period cannot toll the already-expired limitations period. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002); *see also Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003). Assuming Petitioner had filed on April 17, 2019, he would have filed too late.

Still, the Court believes that Petitioner may have timely petitioned because of an apparent scrivener's error in his petition. For instance, Petitioner stated that he

moved for relief from judgment on April 17, 2019, *see* ECF 1, PgID 3, but then Petitioner stated that the state court denied the same motion on January 15, 2019, *id.* at 4. Obviously, the state trial court could not have denied Petitioner's motion before it was filed.

For that reason, the Court prudently reviewed the docket of Petitioner's state court proceedings. Although the docket filings do not note when Petitioner moved for relief from judgment, the filings do specify that the Court denied his motion on January 17, 2019. *See People v. Steiner*, No. 2014-252872-FC, https://bit.ly/35gN02h (accessed on Sep. 9, 2020). Although Petitioner never addressed the discrepancy in his response to the Court's show cause order, the Court finds that a factual question exists as to the timeliness of Petitioner's petition. The Court will therefore vacate its prior show cause order.

II.     Concurrent State Court Proceedings

During the Court's review of the Petitioner's state court proceedings, the Court discovered that Petitioner filed a second motion for relief from judgment with the state trial court on February 18, 2020. *Id.* To recall, Petitioner filed his habeas petition in May 2020. ECF 1.

Because Petitioner's second motion for relief from judgment is still pending before the state trial court, *see People v. Steiner*, No. 2014-252872-FC, https://bit.ly/35gN02h (accessed on Sep. 3, 2020), it is inappropriate for Petitioner to challenge his criminal conviction and sentence in federal court. *See Gilmore v. Burton*, No. 16-CV-14512, 2017 WL 2062222, at *2 (E.D. Mich. May 15, 2017) ("[P]etitioner

4

must complete the state court process on his pending claims before seeking habeas relief in federal court.") (collecting cases). Even if Petitioner's pending state court motion differs from his habeas claims, the state court may reverse his convictions on other grounds, which would moot his habeas petition. *Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, at *1 (E.D. Mich. Nov. 5, 2008) (collecting cases). The Court will therefore dismiss Petitioner's habeas petition without prejudice. Petitioner is free to timely petition the Court after completing his state court proceedings.

III.   <u>Certificate of Appealability and in Forma Pauperis</u>

Before a petitioner may appeal the Court's decision, a certificate of appealability must be issued. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). When a court denies relief on procedural grounds without reaching the merits, a court should issue a certificate of appealability only if the petitioner shows that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A reasonable jurist could not conclude that a court erred in dismissing a petition when "a plain procedural bar is present and the district court is correct to invoke it to dispose of the case." *Id.* Because Petitioner has a pending state court case that may moot his habeas relief, reasonable jurists would not debate the Court's decision to summarily dismiss the petition on procedural grounds without prejudice. *See Gilmore*, 2017 WL 2062222, at *2. Petitioner is therefore denied a certificate of appealability.

Finally, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). The Court will therefore deny Petitioner leave to proceed in forma pauperis on appeal.

**ORDER**

**WHEREFORE**, that Petitioner's writ of habeas corpus [1] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that the Court's show cause order [3] is **VACATED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed in forma pauperis on appeal is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: September 16, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 16, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager