UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK STEVEN STEINER,

                          Petitioner,

v.

BRYAN MORRISON,

                          Respondent.

Case No. 2:20-cv-11364

HONORABLE STEPHEN J. MURPHY, III

_____/

## OPINION AND ORDER
## DENYING PETITION FOR WRIT OF HABEAS CORPUS [1]

Petitioner Mark Steven Steiner, a Michigan State prisoner, filed a pro se petition for habeas corpus under 28 U.S.C. § 2254. ECF 1. Petitioner challenged his State convictions for armed robbery, first-degree home invasion, and assault with a dangerous weapon. *Id.* at 2. For the reasons below, the Court will deny the petition.[1]

## BACKGROUND

Petitioner entered the Farmington Hills, Michigan apartment of Ronald Thomas in the middle of the night on November 10, 2014. *People v. Steiner*, No. 330513, 2017 WL 2200611, at *1 (Mich. Ct. App. May 18, 2017). Thomas called the police while Petitioner was looking for an item in the bedroom. *Id.* Petitioner escaped through a balcony door before the police arrived. *Id.* The police found a gun and a knife on the ground beneath the balcony. *Id.* They also found a cell phone registered

---

[1] Based on the parties' briefing, the Court will resolve the motion without a hearing. *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

to Petitioner that "had received a text message at 3:49 a.m. from a woman who[] lived in the apartment complex, had a dating relationship with [Petitioner], and had been hired to clean Thomas's apartment." *Id.*

A jury convicted Petitioner of armed robbery, home invasion, and assault with a dangerous weapon. ECF 1, PgID 1. The Oakland County Circuit Court sentenced him, as a fourth habitual offender, to fifteen to forty years' imprisonment on the armed robbery conviction, a consecutive term of ten to twenty-five years' imprisonment on the home invasion conviction, and a concurrent term of three to fifteen years' imprisonment on the assault conviction. *Id.* at 2. Petitioner appealed to the Michigan Court of Appeals, which affirmed his convictions and sentence. *Steiner*, 2017 WL 2200611, at *3. He then applied for leave to appeal to the Michigan Supreme Court and was denied. *People v. Mark Steiner*, 501 Mich. 928 (2017).

Petitioner filed a motion for relief from judgment with the State trial court. ECF 1, PgID 3. The court denied the motion. *Id.* Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals, but the court denied the application. *Id.* Petitioner also filed an application for leave to appeal to the Michigan Supreme Court and was denied. *People v. Steiner*, 505 Mich. 1041 (2020).

Petitioner then filed a habeas petition under 28 U.S.C. § 2254 in federal court. ECF 1. The Court denied the petition as untimely. ECF 5. But after receiving newly discovered evidence from Petitioner, the Court set aside its prior judgment and

2

reopened the case. ECF 8, PgID 82. Respondent Bryan Morrison answered the petition,[2] ECF 12, and Petitioner replied, ECF 14.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth the standard of review federal courts must use when considering habeas petitions brought by prisoners challenging their State court convictions and sentences. See 28 U.S.C. § 2241 et seq. AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (alterations omitted).

A State court decision is contrary to clearly established federal law if it "applies a rule that contradicts the governing law set forth in our cases" or "confronts a set of facts that are materially indistinguishable from a decision of [the United States Supreme] Court and nevertheless arrives at a result different from our precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). The parameters of "clearly established Federal law" are determined by United States Supreme Court precedent alone. *Parker v. Matthews*, 567 U.S. 37, 48 (2012). A State court decision is based on an unreasonable determination of the facts if it "identifies the correct governing legal

---

[2] Respondent Bryan Morrison is the warden of Lakeland Correctional Facility in Coldwater, Michigan. ECF 1, PgID 1.

principle from [the Supreme] Court but unreasonably applies that principle to the facts of [the] case." *Williams*, 529 U.S. at 413.

In sum, AEDPA "imposes a highly deferential standard for evaluating State court rulings and demands that State court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (cleaned up). Federal judges "are required to afford [S]tate courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Woods v. Donald*, 575 U.S. 312, 316 (2015). Indeed, a habeas petitioner cannot prevail if it is within the "realm of possibility" that fair-minded jurists could find the State court decision to be reasonable. *Woods v. Etherton*, 576 U.S. 113, 118 (2016).

Last, a State court's factual determinations are presumed correct on federal habeas review. 28 U.S.C. § 2254(e)(1). A petitioner may rebut that presumption with clear and convincing evidence. *Warren v. Smith*, 161 F.3d 358, 360–61 (6th Cir. 1998). Habeas review is "limited to the record that was before the [S]tate court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

## DISCUSSION

Petitioner made five arguments in his petition. *See* ECF 1, PgID 5–19. The Court will address them in turn.

I.    <u>Identification Procedure</u>

Petitioner argued that he was denied due process because Ronald Thomas, the victim, identified Petitioner within the "highly suggestive atmosphere of the preliminary examination." *Id.* at 5. Petitioner also argued that the preliminary

4

examination atmosphere was suggestive because he was "seated at the defense table" wearing "jail attire." *Id.* at 6. Respondent argued that "even if the victim's identification at the preliminary examination was suggestive . . . , under the totality of the circumstances the identification was nonetheless reliable and thus admissible." ECF 12, PgID 169.

"[D]ue process protects the accused against the introduction of evidence of, or tainted by, unreliable pretrial identifications obtained through unnecessarily suggestive procedures." *Moore v. Illinois*, 434 U.S. 220, 227 (1977). "[T]he primary evil to be avoided is a very substantial likelihood of irreparable misidentification." *Neil v. Biggers*, 409 U.S. 188, 198 (1972) (quotation and quotation marks omitted). But "[t]he admission of testimony concerning a suggestive and unnecessary identification procedure does not violate due process so long as the identification possesses sufficient aspects of reliability." *Manson v. Brathwaite*, 432 U.S. 98, 106 (1977).

The Sixth Circuit uses a two-part test to evaluate whether a suggestive identification is admissible. First, the Court must "consider whether the identification procedure was suggestive." *United States v. Crozier*, 259 F.3d 503, 510 (6th Cir. 2001) (citation omitted). Second, if the procedure was suggestive, the Court must "determine whether, under the totality of the circumstances, the identification was nonetheless reliable and therefore admissible." *Id.* (citation omitted).

> The five factors to be weighed in determining reliability are: (1) the opportunity of the witness to view the perpetrator during the crime; (2) the witness's degree of attention to the perpetrator; (3) the accuracy of the witness's prior descriptions of the perpetrator; (4) the level of

5

certainty demonstrated by the witness when identifying the suspect; and (5) the length of time between the crime and the identification. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Id.* (cleaned up).

Petitioner moved the State trial court to suppress the identification. ECF 1, PgID 6. The trial court denied the motion. *Id.* The Michigan Court of Appeals affirmed the trial court "[b]ecause [Petitioner] relied solely on his appearance and location in the courtroom, and that alone did not establish that the identification procedure was unduly suggestive." *Steiner*, 2017 WL 2200611, at *2.

The Court of Appeals did not err. To start, the preliminary examination setting was suggestive because it took place in court. *See Perry v. New Hampshire*, 565 U.S. 228, 244 (2012) ("Most eyewitness identifications involve some element of suggestion. Indeed, all in-court identifications do.").

Still, consideration of the *Crozier* factors favors admissibility despite the suggestive nature of the preliminary examination setting. As to the first factor, the victim had an extended opportunity to view Petitioner during the crime. Petitioner was wearing a mask, but the victim testified that he could see Petitioner's eyes, forehead, and glasses. ECF 13-2, PgID 227–28; 248. He could see a knife in one hand and a gun in the other hand. *Id.* at 249. Indeed, the victim was only an arm's length away from Petitioner, close enough that he was able to push the gun down when Petitioner tried to raise it. *Id.* at 250. And the light over the stove was on when the victim observed Petitioner in the kitchen. *Id.* at 244. As to the second and third factors, the evidence suggests that Petitioner paid a high degree of attention to

6

Petitioner during the incident and was confident in his identification. The victim was able to give a detailed description of Petitioner after the incident, including his height, the color of the shirt he was wearing, and the presence of a mask and square glasses. *Id.* at 227–28; 233–34; 248. And the description the victim gave matched the clothing and glasses Petitioner was wearing when the police arrested him. ECF 13-12, PgID 578–79. Although the fourth factor has minimal relevance here, the victim stated at the preliminary examination that he could "look at [Petitioner] now and see him." ECF 13-2, PgID 257. And as to the fifth factor, only one month and two days passed between the incident and the identification. *See* ECF 13-2, PgID 219 (preliminary examination held on December 12, 2014); 225 (incident occurred on November 9, 2014). In sum, the balance of the *Crozier* factors favor reliability. Thus, the victim's identification of Petitioner at the preliminary examination does not violate due process because the identification "possesses sufficient aspects of reliability." *Manson*, 432 U.S. at 106. Habeas relief is not warranted on the first claim Petitioner raised.

II.   <u>Flight Instruction</u>

Petitioner argued that the State trial court improperly instructed the jury on the evidence that he fled from police custody. ECF 1, PgID 11. In his view, the flight instruction "removed from the jury the factual determination of the ultimate issue at the trial—the identity of the intruder"—because it "assumed that Petitioner was the

intruder." *Id.* at 12. Respondent argued that the Michigan Court of Appeals "did not unreasonably reject [Petitioner's] claim of instructional error." ECF 12, PgID 173.

For habeas relief to be warranted based on an incorrect jury instruction, a petitioner must show that the instructions, taken as a whole, were so infirm that they rendered the entire trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991). The question is "whether the ailing instruction *by itself* so infected the entire trial that the resulting conviction violates due process," not whether "the instruction is undesirable, erroneous, or even universally condemned." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973) (emphasis added). State law instructional errors rarely justify federal habeas relief. *Estelle*, 502 U.S. at 71–72.

On direct appeal, the Michigan Court of Appeals held that the trial court did not err.

> Petitioner contends that use of the term "the defendant" presupposes that he, as the defendant in this case, is the person who fled. . . . This argument is unpersuasive. The same argument could be made as to any instruction that refers to "the defendant." The instructions refer to "the defendant" because he is the person who is defending against the charges. They make it clear that he is presumed innocent, and he need not testify or otherwise prove his innocence.

*Steiner*, 2017 WL 2200611, at *2 (alterations omitted).

Viewing the jury instructions as a whole, the Court finds that the trial court properly instructed the jury on flight.[3] The trial court instructed the jury: "There's been some evidence that the Defendant ran away after the alleged crime. . . . This evidence does not prove guilt. . . . You must decide whether the evidence is true and, if true, whether it shows that the Defendant had a guilty state of mind." ECF 13-13, PgID 631. Petitioner claimed that the use of the phrase "the defendant" was a specific reference to him, but the remaining language of the instruction suggests otherwise. The phrase "the defendant," used in the context of the instruction, was a general reference to the person defending against the charges. Indeed, as the Michigan Court of Appeals noted, "[t]he same argument could be made as to any instruction that refers to 'the defendant.'" *Steiner*, 2017 WL 2200611, at *2. Thus, the flight instruction did not improperly assume that Petitioner was the intruder. And even if flight instruction were improper, the record does not suggest that it "rendered the entire trial fundamentally unfair." *Estelle*, 502 U.S. at 72. If anything, the flight instruction preserved Petitioner's due process rights because it clarified that any evidence of flight "does not prove guilt" and confirmed that Petitioner was to be presumed innocent. ECF 13-13, PgID 631.

---

[3] To the extent Petitioner asserted that the trial court erred in instructing the jury under Michigan law, he alleged a violation of State law that does not justify federal habeas relief. *See Estelle*, 502 U.S. at 67–68 ("[I]t is not the province of a federal habeas court to reexamine [S]tate-court determinations on [S]tate-law questions."); *Rashad v. Lafler*, 675 F.3d 564, 569 (6th Cir. 2012) ("[A] [S]tate court's interpretation of the propriety of a jury instruction under [S]tate law does not entitle a habeas claimant to relief.").

In sum, the State trial court's flight instruction did not violate the due process rights of Petitioner under clearly established federal law. Petitioner is not entitled to habeas relief on his second claim.

III.   <u>Offense Variables Scoring</u>

Petitioner argued that the State trial court erred in scoring Michigan Sentencing Guidelines offense variables 10 and 13. ECF 1, PgID 13. Respondent argued that the scoring claims raised by Petitioner were "waived, procedurally defaulted, and ultimately non-cognizable." ECF 12, PgID 177.

A sentence imposed within statutory limits is generally not subject to federal habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Here, Petitioner's sentences were within the statutory ranges for a fourth habitual offender. *See* Mich. Comp. Laws §§ 750.529a(1); 750.110(1); 750.82(1); 769.12. Accordingly, they are insulated from habeas review absent a federal constitutional violation. *Townsend*, 334 U.S. at 741.

Petitioner raised the scoring issue on direct appeal, but the Michigan Court of Appeals deemed it waived and denied relief. *Steiner*, 2017 WL 2200611, at *3. The issue was waived, the Court of Appeals explained, "because [Petitioner's] counsel expressly agreed on the record that [Petitioner] did not dispute the scoring of any offense variables, and he approved the scored variables 'as to form and content.'" *Id*. In short, the Court of Appeals was correct. When asked by the trial court whether Petitioner disputed the scoring of "any OV variables," counsel for Petitioner stated

that Petitioner "approve[d] them as to form and substance." ECF 13-15, PgID 654–55. Petitioner thus waived the issue.

Yet even if the issue were not waived, Petitioner's argument still fails because a challenge to the scoring of offense variables is a State law claim that is not cognizable on federal habeas review. *Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). True, a sentence may violate federal due process if it is pronounced "on a foundation [that is] extensively and materially false[] [and] which the prisoner had no opportunity to correct." *Townsend*, 334 U.S. at 741. But Petitioner provided no evidence showing that the trial court relied on allegedly false information in arriving at its guidelines scoring decisions. *See* ECF 1, PgID 13–15. And he had an opportunity to contest the trial court's decisions at sentencing. *See id.*; *see also* ECF 13-15, PgID 649–61. In sum, because Petitioner waived his fourth argument, he is not entitled to habeas relief on it.[4]

## IV.   Ineffective Assistance of Trial Counsel

Petitioner argued that his trial counsel was ineffective for (1) failing to impeach the victim with his inconsistent preliminary examination testimony,

---

[4] To the extent Petitioner argued that his sentence is invalid under the Sixth Amendment because it was based on facts not proven beyond a reasonable doubt, he is incorrect. ECF 14, PgID 1142 (reply brief). Michigan sentencing guidelines are advisory. *See People v. Lockridge*, 498 Mich. 358 (2015). And advisory applications of sentencing guidelines do "not implicate the Sixth Amendment." *United States v. Booker*, 543 U.S. 220, 232 (2005). Likewise, "[f]acts that the trial court may have found in support of its exercise of discretion do not implicate the Sixth Amendment." *Holder v. Jackson*, No. 17-cv-408, 2017 WL 3205762, at *4 (W.D. Mich. July 28, 2017). Thus, because the State trial court properly exercised its discretion, the facts relied on by the State trial court in determining Petitioner's sentence do not present a Sixth Amendment violation.

(2) failing to introduce evidence that the glasses the victim used to identify him were purchased after the offense, (3) failing to introduce Petitioner's exculpatory statement to the police into evidence, (4) failing to attempt to undermine the evidence that the phone was registered in Petitioner's name, and (5) failing to argue that Petitioner's bleeding wounds would have left blood in the victim's car. ECF 1, PgID 15. Respondent argued that Petitioner's argument was null because the State trial court "procedurally defaulted [Petitioner's] claim of ineffective assistance of trial counsel." ECF 12, PgID 185.

Federal habeas relief may be precluded if a petitioner has not presented the issue to the State courts in accordance with the State's procedural rules. *Wainwright v. Sykes*, 433 U.S. 72, 85–87 (1977). An issue is considered procedurally defaulted when (1) the petitioner fails to comply with a State procedural rule, (2) the rule is relied upon by the State courts, and (3) the procedural rule is "adequate and independent." *White v. Mitchell*, 431 F.3d 517, 524 (6th Cir. 2006). Habeas review of a procedurally defaulted claim is precluded unless the petitioner "can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (emphasis added).

Petitioner first raised his ineffective assistance of trial counsel claim on direct appeal, but the Michigan Court of Appeals deemed it abandoned. *Steiner*, 2017 WL 2200611, at *3. After the Michigan Supreme Court denied leave to appeal, Petitioner raised the claim in a motion for relief from judgment at the State trial court. ECF 13-21, PgID 1127. The trial court denied the claim because Petitioner could not show

12

"good cause" for failing to present the issue on direct appeal under Michigan Court Rule 6.508(D)(3). *Id.* at 1130. Specifically, the trial court determined that Petitioner "ha[d] satisfied neither the good cause nor the actual prejudice prong of the two-prong standard of MCR 6.508(D)(3)." *Id.* at 1132. Yet the trial court also analyzed the specific arguments raised by Petitioner and found them to be "without merit." *Id.* at 1132–34.

Rule 6.508(D)(3) provides that a court "may not grant relief . . . if the motion . . . alleges grounds for relief . . . which could have been raised on appeal from the conviction and sentence or in a prior motion," absent a showing of "good cause for failure to raise such grounds on appeal or in the prior motion" and "actual prejudice." Rule 6.508(D)(3) "is an independent and adequate [S]tate ground sufficient for procedural default." *Amos v. Renico*, 683 F.3d 720, 733 (6th Cir. 2012). Because the State trial court rejected Petitioner's ineffective assistance of trial counsel claim under Rule 6.508(D)(3), all three elements of procedural default are satisfied. *See White*, 431 F.3d at 524. Thus, federal habeas review of Petitioner's ineffective assistance of trial counsel argument is precluded unless Petitioner "can demonstrate cause for the default *and* actual prejudice as a result of the alleged violation of federal law." *Coleman*, 501 U.S. at 750 (emphasis added).

To establish cause for the default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Objective factors that constitute cause include (1) interference by officials that makes compliance with the

State's procedural rule impracticable, (2) a showing that the factual or legal basis for a claim was not reasonably available to counsel, or (3) constitutionally ineffective assistance of counsel." *McCleskey v. Zant*, 499 U.S. 467, 493–94 (1991). Here, Petitioner opted for the third approach and argued that the ineffectiveness of his trial counsel impeded his efforts to comply with Rule 6.508(D)(3).

To establish ineffective assistance of counsel, a habeas petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Judicial scrutiny of counsel's performance operates under the presumption that counsel "rendered adequate assistance" and is therefore "highly deferential." *Id.* at 689–09. Indeed, prejudice occurs only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Simply put, none of Petitioner's ineffective assistance of trial counsel claims establish cause for failing to comply with Rule 6.508(D)(3). The Court will address them in turn.

First, Petitioner argued that his trial counsel was ineffective for failing to impeach the victim with his allegedly inconsistent preliminary examination testimony. ECF 1, PgID 37. Petitioner claimed that his trial counsel could have used the victim's prior statement that he "remembered Petitioner wearing a tan shirt and khaki jeans" at the preliminary examination to impeach the victim. *Id.* But decisions about how to cross-examine a witness are "are matters of trial strategy[] [that] are

entitled to great respect by this Court." *Lawhead v. Morrison*, No. 1:21-cv-964, 2023 WL 2179422, at *14 (W.D. Mich. Feb. 23, 2023) (quotation and quotation marks omitted). Petitioner's argument therefore fails.

Second, Petitioner argued that his trial counsel was ineffective for failing "to introduce evidence that the glasses the victim used to identify Petitioner [at the preliminary examination] were purchased after the offense." ECF 1, PgID 39. But the victim merely identified Petitioner as wearing glasses. ECF 13-2, PgID 229 ("The way his facial and his glasses."). In other words, the operative fact for purposes of the identification was the mere presence of glasses, not the specific identifying characteristics of any particular pair of glasses. And the victim did not mention any specific type of glasses, nor did he state that the glasses he referred to at the preliminary examination were the same or different from the glasses Petitioner was wearing during the incident. *See id.* Petitioner's claim therefore fails.

Third, Petitioner argued that trial counsel was ineffective for failing to "introduce Petitioner's exculpatory statement to police." ECF 1, PgID 42. Petitioner claimed that he told the police at the time of his arrest that he was at the victim's residence to "visit his girlfriend and that he initially thought he was being arrested for putting a note on his girlfriend's window." *Id.* He argued that his trial counsel had unreasonably failed to introduce video and audio recordings of that statement into evidence. *Id.* Yet Petitioner also admitted that his statement would have been inadmissible hearsay evidence under Michigan Rule of Evidence 801. *Id.* at 43. And his only justification for the claim that his trial counsel should have sought to admit

that evidence was that "the prosecutor may not have objected." *Id.* Simply put, under the "highly deferential" review given to counsel's performance, *Strickland*, 466 U.S. at 689–09, the hypothetical possibility that opposing counsel might not have objected to the admission of inadmissible hearsay evidence is insufficient grounds on which to conclude that trial counsel was ineffective.

Last, Petitioner's fourth and fifth arguments fail for the same reason. Fourth, Petitioner argued that his trial counsel was ineffective for failing "to attempt to undermine the evidence that the cell phone was registered in Petitioner's name." ECF 1, PgID 44. Specifically, he claimed that his trial counsel "failed to conduct any cross-examination of" the police officer "who introduced the phone records" into evidence. *Id.* Fifth, Petitioner argued that his trial counsel was ineffective for failing "to argue that Petitioner's bleeding wounds would have left blood on the victim's car." ECF 1, PgID 46. Again, both arguments improperly challenge the strategic choices of trial counsel. Decisions about how to make arguments or how to conduct cross-examination are matters of trial strategy that are "entitled to great respect by this Court." *Lawhead*, 2023 WL 2179422, at *14; *see Dell v. Straub*, 194 F. Supp. 2d 629, 651 (E.D. Mich. 2002) ("[T]actical decisions are not ineffective assistance of counsel simply because in retrospect better tactics may have been available."). What is more, Petitioner's trial counsel argued at trial that no DNA, skin, or blood was found in the car. ECF 13-13, PgID 624. Petitioner's fourth and fifth arguments fall short.

In sum, none of the ineffective assistance of trial counsel claims raised by Petitioner have merit. He therefore cannot establish cause for failing to comply with

16

Rule 6.508(D)(3). Because Petitioner must establish both good cause *and* actual prejudice to overcome the procedural default, his ineffective assistance of trial counsel claim remains procedurally defaulted. Habeas relief is not warranted on his fourth claim.

V.   Ineffective Assistance of Appellate Counsel

Last, Petitioner argued that his appellate counsel was ineffective for failing to raise the ineffective assistance of trial counsel claim on direct appeal. ECF 1, PgID 18. Respondent argued that the State trial court "did not unreasonably reject [Petitioner's] claim of ineffective assistance of appellate counsel." ECF 12, PgID 193.

Petitioner first raised his ineffective assistance of appellate counsel claim on collateral review. ECF 13-20, PgID 1117. The State trial court denied relief because Petitioner's "claims of ineffective assistance of trial counsel lack merit. Therefore, appellate counsel was not ineffective for failing to present the . . . issues on appeal." ECF 31-21, PgID 1134 (citation omitted).

As noted above, to establish ineffective assistance of counsel, a habeas petitioner must show "that counsel's performance was deficient . . . [and] that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance operates under the presumption that counsel "rendered adequate assistance" and is therefore "highly deferential." *Id.* at 689–09. Indeed, prejudice occurs only if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Strategic and tactical choices regarding which issues to pursue

17

on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). And a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983).

Simply put, Petitioner cannot show that his appellate counsel was ineffective for failing to raise his ineffective assistance of trial counsel claim on direct appeal. As the State trial court noted, Petitioner's ineffective assistance of trial counsel claim "lack[s] merit." ECF 31-21, PgID 1134. And appellate counsel has no obligation to raise meritless arguments. *Coley v. Bagley*, 706 F.3d 741 (6th Cir. 2013) (citation omitted) ("Omitting meritless arguments is neither professionally unreasonable nor prejudicial."); *see Jones*, 463 U.S. at 751. Petitioner is thus incorrect that his appellate counsel was ineffective for failing to raise his meritless ineffective assistance of trial counsel argument on direct appeal.

## CONCLUSION

In all, none of the five arguments raised by Petitioner reveal "a decision that was contrary, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d) (alterations omitted). Likewise, none of his arguments reveal "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* (alterations omitted). Because it is therefore within the "realm of possibility" that fair-minded jurists could find the State court decision to be reasonable, *Woods*, 576 U.S. at 118, the Court will dismiss the petition.

To appeal the Court's decision Petitioner must obtain a certificate of appealability. And to obtain a certificate of appealability, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Thus, Petitioner must show that reasonable jurists could debate whether the Court should have resolved the petition in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). Jurists of reason would not debate the Court's denial of the petition. The Court will therefore deny a certificate of appealability.

Last, the Court will deny Petitioner leave to appeal in forma pauperis because he cannot take an appeal in good faith. *See* Fed. R. App. P. 24(a).

**WHEREFORE**, it is hereby **ORDERED** that the petition for habeas corpus [1] is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that leave to appeal in forma pauperis is **DENIED**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 27, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 27, 2023, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

19